**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

G. FEDALE GENERAL ) 
CONTRACTORS, LLC, D/B/A, ) 
G. FEDALE ROOFING AND ) 
SIDING CONTRACTORS, ) 
                                   ) 
        Plaintiffs ) 
                                   ) 
        v. )     C.A. No. CPU4-16-001553
                                   ) 
ARTHUR SCOTT PRELLE, ) 
~~AMERICAN HOLLY, LLC,~~ ) 
NIAZ A. MALIK, AND ) 
WELLS FARGO BANK, N.A. ) 
                                   ) 
        Defendants. )

Submitted: April 20, 2018
Decided: August 28, 2018

George T. Lees III, Esquire
One Corporate Commons
100 W. Commons Blvd., Suite 435
New Castle, DE 19720
*Attorney for Plaintiffs*

Geoffrey G. Grivner, Esquire
Buchanan Ingersoll & Rooney, P.C.
919 North Market Street, Suite 1500
Wilmington, DE 19801
*Attorney for Defendant Wells Fargo*

Arthur Scott Prelle
110 Regents Court
Malvern, PA 19355
*Pro Se Defendant*

Niaz A. Malik
31 Benning Road
Claymont, DE 19703
*Pro Se Defendant*

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGMENT
AND MOTION FOR SANCTIONS**

**SMALLS, C.J.**

## FACTUAL AND PROCEDURAL HISTORY

This matter is back before the Court on G. Fedale Roofing and Siding Contractors ("Plaintiff") motion for Judgment on the Pleadings pursuant to Court of Common Pleas Civil Rule 12(c); Summary Judgment pursuant to Court of Common Pleas Civil Rule 56; and Sanctions pursuant to Court of Common Pleas Civil Rule 37, against Defendant Arthur Scott Prelle ("Prelle") for failure to comply with the Court's several orders directing responses to discovery by Plaintiff.

The facts that give rise to these proceedings indicate that Plaintiff contracted with Prelle and American Holly, LLC. ("American Holly") to install a roof and make certain repairs on the property located at 149 Honeywell Drive in Claymont, Delaware. Plaintiff was unaware that during the contract negotiations, Defendant Wells Fargo ("Wells Fargo") had initiated foreclosure proceedings and ultimately foreclosed on the property, which was sold at sheriff's sale. Plaintiff continued working on the property after the new owner, Defendant Niaz A. Malik ("Malik") purchased the property at sheriff's sale. On September 3, 2015, Plaintiff submitted an invoice to Prelle and American Holly following the completion of the work. Prelle and American Holly failed to pay the agreed contractual amount of $15,483.00.

On June 3, 2016, Plaintiff initiated this action for breach of contract, Quantum Meruit, and Fraud against Defendants Prelle, American Holly, Malik, and Wells Fargo (collectively "Defendants"). Plaintiff seeks judgment in the amount of $15,483.00, interest, attorney's fees, and costs.

1

As of June 9, 2015, during the period when the property was owned by Prelle and American Holly, the property was insured through Donegal Insurance Group ("Donegal"). The property was subsequently sold at sheriff's sale to Malik. During foreclosure proceedings, Plaintiff alleges Prelle filed a claim with Donegal and insurance proceeds were paid to Prelle and American Holly. Plaintiff avers the payments received from the insurer of the property were intended to pay for the work performed by Plaintiff. Prelle endorsed, deposited, and negotiated the checks from the insurer but failed to pay for the services performed under the contract.

On June 28, 2016, Malik filed an Answer denying any knowledge of Plaintiff and/or the contract to repair the roof. On August 4, 2016, Wells Fargo filed an Answer and Cross-claim. Wells Fargo denied the substantive allegations, claiming it foreclosed Prelle's property in accordance with Delaware law, and otherwise acted reasonably. On its cross-claim, Wells Fargo seek contribution and indemnification from American Holly in the event it is found liable.

On January 26, 2017, Prelle filed a Motion to Dismiss for Lack of Personal Jurisdiction, which was denied. On February 17, 2017, Malik filed a Motion to Dismiss, arguing he was never a party to the original contract between Prelle and Plaintiff. Malik maintains he purchased the house "as is" at a sheriff sale. Furthermore, Malik contends he purchased the house after the roof was installed, and never saw anybody working on the roof. Malik argued he is a blameless third party, and moves the Court dismiss him as a party Defendant.

2

On February 28, 2017, Prelle filed an Answer on behalf of American Holly and himself, denying all substantive allegations. Prelle's Answer states that ARTHUR SCOTT PRELLE, a.k.a Arthur S Prelle, is a fictitious name, duly registered with a registration of trade, business, and fictitious name that is publicly recorded with the prothonotary of the Superior Court. Prelle also raised a number of affirmative defenses.

On March 3, 2017, the Court held a hearing on Malik's Motion to Dismiss. During the hearing, counsel for Plaintiff stated that Prelle filed a motion to move the proceeding to the Federal District Court for Delaware. As a result, this Court issued an order staying this matter until May 19, 2017. On April 13, 2017, the District Court issued an order remanding the case back to this Court holding that the Federal Court lack subject matter jurisdiction.

On May 17, 2017, Plaintiff filed a Motion to Strike the Answer of American Holly on the basis that the answer was filed by Prelle, who is not a licensed attorney, and as such may not represent an artificial business entity.

On June 28, 2017, Prelle filed a response on behalf of American Holly and himself, claiming "all persons who are capable of acting for themselves, and even those who are disqualified from acting in their own capacity, infants of a proper age and femes converts, may act as attorneys of others."

Additionally, on June 28, 2017, American Holly, through Prelle, filed a response opposing Plaintiff's Motion to Strike and a Motion to Intervene on behalf of American Holly. In support of its motion, Prelle claimed that this action is a representative suit against American Holly and because Prelle has a financial equitable interest in said action, he should be able to intervene on behalf of American Holly. Prelle further argues that American Holly

3

is too impoverished to hire an attorney. Prelle attached a notarized Power of Attorney for American Holly appointing Prelle to act as its agent.

Additionally, on June 28, 2017, Prelle filed a Motion to Compel, alleging he has not been served with any of Malik's documents filed with the Court. Prelle sought to compel the production of these documents and reasonable attorney's fees.

Further, Prelle filed several other motions labeled Objection to Misjoinder and Non-Joinder of Parties, arguing that AMERICAN HOLLY, LLC does not exist as an entity, and that AMERICAN HOLLY LLC was not joined as a proper party. Prelle argues that serving the Secretary of the State of Delaware is not proper service for AMERICAN HOLLY LLC. Prelle moves for leave to remove the non-existent "AMERICAN HOLLY, LLC" and join "AMERICAN HOLLY LLC." Further, Prelle seeks to join the C.E.O. of the State of Delaware, claiming he is the agent or principal for AMERICAN HOLLY LLC. Prelle also seeks to join the insurance company identified in the Complaint and the Secretary of State for the United States of America.

Lastly on June 28, 2017, Prelle filed a Motion to Dismiss for Plaintiff's failure to state a claim upon which relief can be granted. Prelle challenges the lawful definition of the "$" symbol. Prelle argues Plaintiff cannot establish what the "$" symbol represents under the constitution, and therefore did not specify any damage or lawful money owed. Furthermore, Prelle, for the second time alleges that this court lacks jurisdiction over the artificial entity 'ARTHUR SCOTT PRELLE,' and the proper party is actually 'Arthur Scott Prelle.' Prelle claims 'ARTHUR SCOTT PRELLE' is "a private trust owned by the United States to which 'Arthur Scott Prelle' possesses good title certified and guaranteed by the U.S. Department of

4

State. Prelle argues the Court has no jurisdiction over the property of U.S. government, i.e. 'ARTHUR SCOTT PRELLE'.

On September 1, 2017, the Court denied Malik's Motion to dismiss him as a party and set a new date to address the other motions. On September 15, 2017, Prelle filed a Motion to Dismiss alleging prosecutorial misconduct which was immediately denied. On October 17, 2017, following a hearing, the Court ordered as follows:

1) As to Prelle's Motion to Continue, the motion is MOOT;

2) As to Prelle's Motion to Compel, the motion is GRANTED. Malik is to provide copies of his Answer and the Motion to Dismiss to Prelle;

3) As to Prelle's Motion for Misjoinder of American Holly, LLC., the motion is DENIED. In Delaware, artificial entities are required to be represented by an attorney and Prelle is not an attorney admitted to the Delaware Bar. Further, the comma in American Holly, LLC. does not raise a legal issue sufficient to support the motion;

4) As to Prelle's Motion for Nonjoinder, the motion is DENIED. Prelle's motion to join the "CEO of the State of Delaware," failed to identify such actual person exist. In addition, there is no basis to join the Insurance Company identified in the complaint in order to show they provided two checks to Prelle since this is not an issue in this case. Furthermore, Prelle failed to provide a valid reason why the Secretary of State for the United States of American is a proper party subject to joinder;

5) As to Prelle's Motion to Dismiss for Failure to State a Claim, the motion is DENIED. I find that under the totality of the circumstances, the lack of definition for the "$" is not a basis to dismiss the case for failure to state a claim for which relief can be granted;

6) As to Prelle's Motion to Dismiss for Lack of Jurisdiction, the motion is DENIED. Prelle's argument that he cannot be sued as a U.S. citizen lacks merit and his conclusion that Prelle is not "the United States of America," is not supported;

7) As to Prelle's Motion to Intervene on Behalf of American Holly, LLC., the motion is DENIED. Prelle is not a Delaware Licensed Attorney and cannot represent an artificial entity in the Court of Common Pleas under Delaware Law[1]; and

---

[1] *See Transpolymer Indus. Inc., v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990).

5

8)    As to Fedale's Motion to Strike the Answer of American Holly, the motion is GRANTED. The answer filed by American Holly, LLC. was not filed by a licensed Delaware Attorney. As an artificial entity, American Holly, LLC. can only appear through an attorney. American Holly, LLC was given twenty (20) days from the date of this order to secure counsel and file a responsive pleading.

On October 18, 2017, Plaintiff served its first Interrogatories, Requests for Production, and Requests for Admission. Prelle objected via letter pursuant to CCP Civil Rule 28 and 12 *Del. C.* § 3805, which are both improper objections.

On or about October 24, 2017, Prelle filed a "notice of objection to notice of deposition" which purported to object to Plaintiff's Interrogatories, Requests for Production and Requests for Admission on the grounds that "he has a financial interest under Rule 28(c) and 27 Laws, c. 279 §3805." On November 20, 2017, Plaintiff filed a Motion to Compel. On November 29, 2017, Prelle filed amended Answers to Plaintiff's Interrogatories, Productions, and Admissions but simply re-stated the improper objections with no legal basis. On December 5, 2017, Plaintiff filed an Amended Motion to Compel requesting attorney's fees. On December 6, 2017, Prelle submitted his third Answer to Plaintiff's Interrogatories, Productions, and Admissions, again his objection being based upon his deed of trust and Rule 28(c).

On December 15, 2017, the Court entered a Default Judgment against American Holly, LLC., in the amount of $19,069.18 for failure to obtain an attorney and file a responsive pleading as ordered by the Court and required by Court of Common Pleas Civil Rule 12(a).[2] In addition, the Court concluded that Prelle's pleadings in these pretrial matters

---

[2] *Id.*

6

were voluminous and they were not entered in the E-filing system, requiring the court to perform such tasks. Therefore, any future filing by Prelle is to be processed with E-filing costs paid.

In addition, on December 15, 2017, this Court granted Plaintiff's Motion to Compel ordering Prelle to provide complete answers to Interrogatories and Responses to Requests for Productions, without objection, within five (5) days. On December 27, 2017, Prelle sent the Court his birth certificate as payment in full for the judgment against American Holly.

On December 22, 2017, Prelle filed his fourth Answer to Plaintiff's Interrogatories, Productions, and Admissions. This time Prelle objected by pleading his right not to testify against himself under the Fifth Amendment to the Constitution of the United States.

On January 10, 2018, Prelle filed his fifth Answer to Plaintiff's First Set of Requests for Production and Second set of Requests for Admission. Prelle's objection claims Plaintiff seeks information protected by the attorney-client privilege, the work-product privilege, private trust privilege, or any other privilege under governing law. Prelle further objects that the Interrogatories and Requests are overbroad, unduly burdensome, oppressive, and/or seek information that is not relevant to the issues in this lawsuit. In addition, Prelle claims the requests are duplicative or obtainable from some other source that is more convenient, less burdensome, or less expensive. Furthermore, Prelle states "No documents are responsive and relevant." Again, Prelle pleads his right not to testify against itself under the Fifth Amendment to the United States Constitution in his answers to Plaintiffs request for approved check signatures.

7

On January 17, 2018, Prelle filed his sixth Answer to Plaintiff's First Set of Interrogatories and Requests for Production and Second Set of Requests for Admission. Prelle claims Plaintiff has failed to mitigate damages by failing to collect from Defendants Malik and Wells Fargo. Prelle also objects under §7 of the Privacy Act of the United States and 8 *Del. C.* §145. In addition, Prelle claims he is "without sufficient knowledge to answer" and "Plaintiff fails to state what specie to pay." Ultimately, Prelle claims to have never contracted with Plaintiff and he is without sufficient knowledge as to anyone who did. Prelle declares at all times he was acting as an Agent for American Holly.

On January 29, 2018, Prelle filed an Amended Answer to Plaintiff's First Set of Interrogatories and Requests for Production and Second Set of Requests for Admission. Again, Prelle claims he is without sufficient knowledge to answer and reserves his right not to testify against itself under the Fifth Amendment. Also, Prelle reiterates his prior answers.

On March 2, 2018, Plaintiff filed a Rule to Show Cause and Compel based upon Prelle's refusal to comply with the Court's order to provide appropriate responses to Interrogatories, Requests for Production and Requests for Admission. On March 19, 2018, the Court granted Plaintiff's Motion to Compel ordering Prelle to provide complete answers within five (5) days. The order stated that if Prelle failed to comply, it shall result in the Court finding him in contempt and he will not be permitted to introduce any evidence, including witness testimony at the time of trial that relates to the work performed by Plaintiff. In addition, Plaintiff submitted an order for Attorney's fees which was also granted in the amount of $5,545.00.

On March 26, 2018, Prelle sent Plaintiff a <u>seventh</u> set of supplemental discovery responses which again were not in compliance with the court order. On March 26, 2018, Prelle sent Plaintiff Interrogatories and Requests for Production.

On April 2, 2018, Plaintiff filed a second Motion for Rule to Show Cause against Prelle and Motion for a Protective Order.[3] Plaintiff moves for an order requiring Prelle to Show Cause why he should not be held in contempt for his failure to abide by this Courts order and why Default Judgment should not be entered against him. In the alternative, Plaintiff seeks Judgment on the Pleadings or Summary Judgment.

On April 10, 2018, Prelle filed a response to Plaintiff's second Motion for Rule to Show Cause and Motion for Protective Order claiming the discovery requests are complicated and it is his first experience to answer/respond to these requests. Prelle argues he made a good faith effort in his responses and corrected any mistakes.

On April 20, 2018, the Court conducted a hearing where Prelle attempted to pay Plaintiff's attorney's fees with his birth certificate. An Amended Order for Attorney's fees was entered in the amount of $5,545.00 to be paid in United States Currency or Certified Check within seven (7) days. At the conclusion of the hearing, the Court reserved decision on Plaintiff's motions herein.

On May 3, 2018, Plaintiff filed a letter with the Court stating that the time for Prelle to make payment for attorney's fees pursuant to the April 20, 2018 amended order has passed. Plaintiff requests Prelle be held in civil contempt and a capias be issued for his

---

[3] Plaintiff's Motion for a Protective Order states they should not be responsible to comply with Prelle's discovery requests since Prelle fails to comply with Court orders.

9

arrest. On May 10, 2018, Prelle filed a last attempt to avoid the Court rendering a decision on judgment by requesting a hearing in response to Plaintiff's letter. Prelle alleges Plaintiff is not a registered business nor able to contract in Delaware. The Court finds this argument without merit and any request for a hearing is denied.

## LEGAL STANDARD

Under Court of Common Pleas Civil Rule 37, a party may move for sanctions following a Motion to Compel. When a Motion to Compel is granted, the Court may require the party against whom the Motion to Compel was sought to pay the expenses of the party obtaining the order, including reasonable attorney's fees.[4] CCP Civ. R. 37(b)(2)(C) governs sanctions for failure to comply with Court ordered discovery and provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the Court may make such orders in regard to the failure as are just, and among others the following: . . . (C) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.][5]

Under this rule, the Court has the authority to dismiss an action or enter a default judgment against a party for failure to comply with Court ordered discovery.[6] However, Rule 37 provides a progressive scheme of available sanctions and as such, "entering judgment against a party as a sanction for discovery violations is an extreme remedy and generally requires some element of willfulness or conscious disregard of a court order before the Court can impose such a severe sanction."[7]

---

[4] *See* CCP Civ. R. 37(a)(4)(A).
[5] *See* CCP Civ. R. 37(b)(2).
[6] *Lehman Capital v. Lofland ex rel. Estate of Monroe*, 906 A.2d 122, 131 (Del. 2006).
[7] *Id.*

Court of Common Pleas Civil Rule 56(c) provides in relevant part that "judgment sought shall be rendered forthwith if the pleadings, dispositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law.[8] If the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record *sub judice*, then summary judgment must be denied.[9] In considering a motion for summary judgment the court must view the facts in a light favorable to the non-moving party and accept, as true, all undisputed factual assertions. A motion for summary judgment will not be granted where "a more thorough inquiry into the facts is desirable to clarify the application of the law to the circumstances."[10]

In reviewing a motion for summary judgment, the moving party bears the initial burden to show the absence of any material factual issues. "Upon a proper showing, the burden shifts to the non-moving party who may not rely solely upon her pleadings, but must show a genuine material issue of fact in response to the motion."[11] Denials of another party's position can create material issues of fact when supported by affidavits and when specific facts are offered to support the existence of a dispute; vague and general allegations are insufficient to meet the standard of material facts under Rule 56.[12]

---

[8] *See* CCP Civ. R. 56(c).
[9] *Ebersole v. Lowengrub*, 180 A.2d 467 (Del. 1962).
[10] *Donnelly v. Fannie Mae*, 2015 WL 6739163, at *2 (Del. Com. Pl. Nov. 3, 2015) (internal citations omitted).
[11] *Capital One Bank, N.A. v. Schoenberger*, 2014 WL 1478900, at *1 (Del. Com. Pl. Apr. 1, 2014) (internal citations omitted).
[12] *See Id* at *2.

11

Pursuant to Court of Common Pleas Civil Rule 12(c), "After the pleadings are closed but with such time as to not to delay the trial, any party may move for judgment on the pleadings."[13] On such a motion, the applicable standard is "almost identical" to the standard for a motion to dismiss, and requires the Court to accept all of the well-pled facts in the Complaint as true and construe all reasonable inferences in favor of the non-moving party.[14] The Court will grant a motion for judgment on the pleadings when "no material issues of fact exist and the moving party is entitled to judgment as a matter of law."[15] "[F]or purposes of the motion, the moving party admits the allegations of the opposing party's pleading, but contends that they are insufficient as a matter of law."[16]

Courts will consider any attachment to the pleadings in making determinations based on the pleadings; this includes such things as memoranda.[17] "Where a document is integral to the pleadings, the Court may consider it in deciding a Rule 12(c) motion without converting it to one for summary judgment."[18] However, "Where matters outside the pleadings are presented to and considered by the Court, the Court may convert the motion for judgment on the pleadings to one for summary judgment under Rule 56."[19]

---

[13] CCP Civ. R. 12(c).
[14] *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.*, 2014 WL 595378, at *6 (Del. Super. Jan. 17, 2014) (quoting *Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412, at *6 (Del. Super. Aug. 8, 2012)).
[15] *Silver Lake Office Plaza, LLC* at *6.
[16] *Green v. PNC Financial Services Group, Inc.*, 2015 WL 1236847, at *2 (Del. Com. Pl. Mar. 18, 2015) (internal citations omitted).
[17] *See Sewell v. Coviello*, 2016 WL 3152567, fn. 1 (Del. Com. Pl. Mar. 8, 2016).
[18] *The Chemours Company TT, LLC v. ATI Titanium LLC*, 2016 WL 4054936, at *4 (Del. Super. Jul. 27, 2016) (internal citations omitted).
[19] *Lee v. So*, 2016 WL 6806247, at *2 (Del. Super. Nov. 17, 2016) (internal citations omitted).

## DISCUSSION

Plaintiff argues it is entitled to judgment on the pleadings because the Court previously ruled that Prelle will not be permitted to testify or submit any evidence at the time of trial because of his continued failure to provide "complete detailed discovery responses" thus, Prelle cannot refute the claims against him.[20] Plaintiff further argues that the complaint and attachments evidence that Prelle received the December 30, 2014 estimate, agreed to and accepted its terms, and directed that the work proceed as per the February 5, 2015 email from Prelle.[21]

A review of the records indicate this Court has issued repeated orders directing Prelle to comply with Plaintiff's discovery requests without compliance. After being served with discovery, Prelle continued to file non-responsive and frivolous answers. When Plaintiff received additional records from Donegal Insurance, they served a second set of discovery to address Prelle's insurance claim for the repairs and funds received.[22] Again, Prelle filed supplemental answers that provided no information to the discovery questions set forth. Prelle has filed approximately eight (8) responses to discovery that fail to provide complete responsive answers in accordance to the rules. He has also repeatedly failed to comply with the Court's orders to provide complete and responsive answers.

In accordance with Court of Common Pleas Civil Rule 37(a), this Court issued two (2) orders to compel responses to discovery. On each occasion Prelle failed to comply with

---

[20] Plaintiff April 2, 2018 Motion at ¶33.
[21] Plaintiff Complaint filed June 3, 2016, Ex. B.
[22] Copies of the checks evidencing payment by the insurance company to Prelle are attached to Plaintiff's motion.

13

the Court's orders. Therefore, in accordance with Civil Rule 37(b)(2)(a)(A), the Court entered an order that "the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."[23] Plaintiff' interrogatory question twenty-one (21) asks Prelle if he contracted with Plaintiff to perform certain improvements to Prelle's residence, which is now hereby admitted.

Interrogatory question twenty-eight (28) through thirty (30), ask whether Prelle and/or American Holly received insurance proceeds from Donegal to pay for the damage to the property and necessary repairs. Plaintiff's attachments to his motion include a letter from Donegal acknowledging a claim for damage to the property and the amount to be paid by Donegal to American Holly. Thereafter, Plaintiff provides four (4) checks signed and deposited by Prelle as an Agent to American Holly, LLC. There is no evidence that the deposited check proceeds were used to pay Plaintiff for the work performed.[24] Moreover, amended interrogatory questions twenty-one through twenty-seven (21-27) refer to the claims made to Donegal and the endorsed check payments received by Prelle from Donegal. These checks were deposited and negotiated by Prelle, which are all now deemed admitted. Finally, interrogatory twenty-eight (28) asking if Prelle failed to pay the insurance funds to Plaintiff for the work performed, is admitted.

Since matters outside of the pleadings were not introduced, the Court need not reach the motion for summary judgment under CCP Civil Rule 56. Based upon Prelle's continued

---

[23] CCP Civ. R. 37.
[24] Copies of these checks are attached as Exhibit A, B, C, D, and E.

failure to provide complete discovery responses and the evidence provided thus far, Plaintiff is entitled to Judgment on the Pleadings because the complaint, interrogatories and motion attachments show Prelle contracted with Plaintiff for certain work performed at his property; Plaintiff performed the work; Prelle made a claim for damage to the home and accepted insurance proceeds for the repairs completed by Plaintiff; and failed to pay for the work completed by Plaintiff. Further, I need not address the capias, contempt, and Plaintiff's motion for a Protective Order.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings is HEREBY GRANTED on Count 1 of the Complaint for Breach of Contract and Count II for Quantum Meruit. Judgment is entered for Plaintiff in the amount of $15,483.00, costs, and pre- and post-judgment interest at the contractual rate of 2% per month. The issue of attorney's fees will be addressed upon presentation of an appropriate application.

**IT IS SO ORDERED.**

_____
Alex J. Smalls
Chief Judge

15